## JACOB SMITH *v.* PETER NICHOLSON et al.

*An administrator or testamentary executor may be sued for the injury caused by the crimes or misdemeanors of the deceased, although no action has been instituted against the deceased in his life, and although neither he nor his heirs have been benefited by the offence. C. P. 123 1146.*

APPEAL from the District Court of Caddo, *Olcott,* J. *B. L. Hodge,* for plaintiff. *H. M. Spofford,* for defendants. The judgment of the court was pronounced by

PRESTON, J. This suit was instituted against *Peter Nicholson* and others, for damages for a violent trespass upon the plaintiff's premises, and the taking and carrying away a slave belonging to him. A verdict and judgment was rendered against all the defendants, except *Nicholson.*

It does not appear, that *Nicholson* was served with process on the institution of the suit; but sometime afterwards, the plaintiff, in a supplemental petition, suggested his death, and prayed that *Roderick Nicholson,* the administrator of his succession, might be cited, and judgment rendered against him for the plaintiff's demand.

The administrator answered by a general denial; but subsequently filed his peremptory exceptions founded in law, that the plaintiff cannot maintain his action against him, because the cause of action was destroyed and extinguished by the death of *Peter Nicholson,* which took place before he had filed any answer in the cause; and further, that he, as administrator, could not stand in judgment, in a suit sounding in damages, for a misdemeanor alleged to have been committed by his deceased intestate.

The district court sustained the exception, and rendered a final judgment in favor of the administrator, from which the plaintiff has appealed.

The 25th article of the Code of Practice, renders heirs liable to civil reparation for the injury caused by the crimes or misdemeanors of the deceased, whose succession they have accepted, although no action has been instituted against the deceased during his life, and although neither he nor his heirs have been benefited by the offence; thus repudiating the Spanish and adopting the French law on the subject. The principle, in effect, is that the succession of the deceased offender may be sued.

Now, testamentary executors must appear, and defend all personal actions brought against the succession they administer. Code of Practice, art. 123. The curator of a vacant estate, or of absent heirs, has the same powers. Code, 1146. The administrator of an estate accepted with the benefit of inventory, is liable to be sued by the creditors of the deceased. Code, 1042, 1046. And the bearer of a claim not liquidated and objected to by the curator, or executor or administrator of a succession, may bring his action against the curator or administrator in the ordinary manner, and obtain judgment. Code of Practice, 986.

The administrator is put into possession of the effects of the succession for the very purpose of paying its debts, and is bound to defend it against claims which he deems unfounded. And there is nothing in the articles 25, 120, 122, 123 and 361 cited to the contrary, which conflicts with the principle. The heirs of the deceased can be sued when put into possession of the succession, and undoubtedly might intervene, on account of their interest, in a personal action against the administrator. But this is not at all inconsistent with the right of the claimant, to sue and obtain judgment against the administrator.

It is contended, that under the 21st article of the Code of Practice, the suit abated by the death of the defendant. Even if so, it was revived by the supplemental petition against his legal representative.

We are of opinion, that the exception should have been overruled.

The judgment of the district court is reversed, and the cause remanded for further proceedings according to law; the appellee to pay the costs of appeal.